*105 The opinion of the Court was delivered by
Fenner, J.
Defendant, Beaird, was indicted jointly with one Paul Pringle, for the crime of breaking and entering a storehouse in the night time with intent to steal and with so stealing, taking and carrying away certain money in United States coin. The qirosecution against Pringle was virtually terminated by his subsequent conviction of a capital offense and sentence to death. The present defendant was, therefore, tried alone, and from conviction and sentence, takes this appeal.
The following errors are urged:
1. A bill of exceptions was taken to the ruling of the Judge, admitting proof by witnesses of certain acts of the alleged associate in crime, Pringle, done after the crime was charged to have been committed.
It appears from the bill that the evidence objected to was to the effect that Pringle had, shortly after the breaking and stealing charged, exhibited and spent at a neighboring store, certain coins of the denomination charged to have been stolen. The Judge states that it had been previously proven or sworn to by witnesses, that the storehouse had been broken and entered by some one, and that coins of a certain denomination had been taken; that, at about the time of the entering and taking, Beaird and Pringle had been seen together, in close consultation, near the house; that Beaird had been seen, at the time and place charged, standing at the window of the house receiving in his hat from the hands of Pringle, something which rattled like coin.
Under these circumstances, no one would dispute that proof of subsequent possession by Pringle of the identical coins stolen, would be a powerful and independent act or circumstance tending to connect the joint acts of both him and defendant, previously proved, directly with the crime charged, and, as such, we think clearly admissible. While proof of his possession of similar coins might be entitled to very little weight as evidence, we think the objection went rather to its effect than to its admissiblity, and the judge’s ruling was not faulty. ■
2. Exception was taken to the refusal of the Judge to grant a new trial on the ground of newly discovered evidence. The Judge refused, for reasons given by himself, to the effect that he did not believe the affidavits; considered the circumstances under which they were obtained suspicious; questioned the due diligence of defendant, and that this was the second trial of the case.
It is settled, that the exercise of the discretion vested in inferior Judges in such matters and on such grounds, will not be disturbed by this Court. State vs. Hunt, 4 A. 438 ; State vs. Long, Ib. 441.
*106 3. Error is assigned in tlie refusal of defendant’s motion in arrest of judgment, on the ground, amongst others, of an erroneous statement of the law in the Judge’s charge to the jury.
Although in waiting, the Judge’s charge was not excepted to : we held in State vs. Ricks, 32 A. 1098, that where the charge was in writing and embodied in the record, wo would notice errors, under proper assignment thereof, although not presented by bill of exceptions. While not now overruling this opinion, which, however, is contrary to prior authority, (10 A. 450) and, therefore, to be strictly construed, we deem it proper to say that it is in every way preferable that charges should be excepted to when given, in order that the Judge may have an opportunity of explaining or correcting his charge at the time; otherwise the defendant would be at liberty to take his chances of acquittal on the charge as delivered, and, if convicted, to urge his objection in subsequent proceedings. Only in case of gross and unambiguous error will we sustain objections to the charge not made and presented by bill of exceptions at-time of delivery.
In the present case, the portion of the charge objected to is as follows: “ An alibi, to be good and complete in law, should cover, beyond all reasonable doubt, the time during which the act or crime, as charged, was perfected or performed. If it does this, it is considered a good defense in law. If not, it is of little or no value.”
If this charge clearly meant, as contended by defendant, that an alibi must be proved beyond reasonable doubt, it would perhaps be erroneous. But the Judge, in overruling the motion in arrest on this ground, says he did not intend to, and did not in fact, charge any such proposition, making it evident that, had. timely objection been made, he would have explained it and removed the ambiguity to which defendant now objects. The charge is susceptible of a construction different from that placed on it by defendant, and applying the terms "beyond reasonable doubt,” to the proposition of law and not to the evidence. Taken in connection with the rest of the charge, emphasizing the duty of the jury to acquit if they have a reasonable doubt of defendant’s guilt, we think the defendant could not have been prejudiced by the ambiguous statement referred to; and, under the circumstances of this case, we will not disturb the proceedings.
4. The objections to the qualifications of the jury commissioners are disposed of by the following authorities. 33 A. 1229 ; 32 A. 193; 29 A. 824.
The right of the clerk to act ex-offwio as jury commissioner has been repeatedly determined. 30 A. 1028 ; 31 A. 387, 398 ; 32 A. 402, 879.
Judgment affirmed.